# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE MICHAEL, | CV F 02 6227 LJO P |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR SUMMARY JUDGMENT (Doc. 59.) |
| RAYMOND ANDREWS, | |
| Defendants. | |

Theodore Michael ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Pursuant to Title 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

**A. PROCEDURAL BACKGROUND**

This action is proceeding on Plaintiff's Second Amended Complaint filed on February 4, 2003, alleging that Plaintiff was discriminated against for exercising his religious beliefs as a Black Muslim and was denied his Religious Diet Program, "Halal." (Second Amended

Complaint - Doc. 10.)[1]

On March 20, 2003, and prior to service, Defendants filed an Answer. (Doc. 11.) A scheduling order issued on April 10, 2003. (Doc. 12.)

On June 26, 2003, in a Motion to Strike the Scheduling Order, defendants informed the court that the Answer was submitted in response to the initial complaint as that was the only Complaint that had been served on Defendants. (Doc. 17.) The Court vacated its Scheduling Order on September 11, 2003. (Doc. 28.) On September 19, 2003, Defendants filed an Answer to the Second Amended Complaint.  A Second Scheduling Order issued on May 12, 2004, and the Court set a Telephonic Trial Confirmation Hearing before Judge Ishii on December 13, 2004, and trial for January 25, 2005.

Pursuant to that Order, Plaintiff filed a timely pretrial statement on October 26, 2004. However, no pretrial statement was filed by Defendants.  On December 1, 2004, the District Court issued an Order to Show Cause why sanctions should not be imposed for failing to submit a pretrial statement. (Doc. 50)  A return to the Order to Show Cause was filed by Defendants on December 9, 2004. (Doc. 52.)  On December 13, 2004, the district conducted the previously scheduled telephonic trial confirmation hearing, vacated the trial date and referred the matter back to the undersigned for the purpose of setting a dispositive motion deadline. (Docs. 53, 54.) The District Court further reopened discovery limited to the exchange of information regarding Plaintiff's special diet.  The deadline for the exchange of information expired on December 31, 2004.

On January 19, 2005, the Court held a Telephonic Scheduling Conference for the purpose of setting a dispositive motion deadline.  The Court also set dates for a Trial Conformation Hearing and Trial. (Doc. 57.)

On February 7, 2005, Plaintiff filed a Motion for Summary Judgment.  (Doc. 59.) Defendants filed their Motion for Summary Judgment on February 18, 2005. (Doc. 66.) Defendants filed an Opposition to Plaintiff's Motion for Summary Judgment on March 10, 2005.

---

[1] The Court found Plaintiff's claims for relief against all defendants cognizable on November 14, 2002. (Doc. 5.)

On April 27, 2005, Plaintiff filed a Reply to Defendant's Opposition to Plaintiff's Motion for Summary Judgment. (Doc. 85.) Plaintiff filed his Opposition to Defendant's Motion for Summary Judgment on May 18, 2005.

**B. SUMMARY JUDGMENT**

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a Summary Judgment Motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Rule 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must

1  demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the
2  suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W.
3  Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that
4  the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for
5  the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

6       In resolving the Motion for Summary Judgment, the Court examines the pleadings,
7  depositions, answers to interrogatories, and admissions on file, together with the affidavits, if
8  any.  Rule 56(c).  The evidence of the opposing party is to be believed, Anderson, 477 U.S. at
9  255, and all reasonable inferences that may be drawn from the facts placed before the court must
10 be drawn in favor of the opposing party, Matsushita, 475 U.S. at 587 (*citing* United States v.
11 Diebold, Inc., 369 U.S. 654, 655 (1962)(*per curiam*).  Nevertheless, inferences are not drawn out
12 of the air, and it is the opposing party's obligation to produce a factual predicate from which the
13 inference may be drawn.  Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D.
14 Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987).

15      In this case, Plaintiff asserts that he served Defendants with Requests for Admissions on
16 November 3, 2003, however, Defendant never filed a response.  Plaintiff asserts that Defendants
17 further failed to seek relief from their default and thus, the admissions are deemed admitted and
18 he is entitled to Judgment.   In support, Plaintiff submits several exhibits attached to his
19 Declaration in Support of the Motion for Summary Judgment.  The most relevant attachment is
20 Exhibit B which consists of Plaintiff's Requests for Admissions and Interrogatories.  A close
21 examination of this exhibit shows that Plaintiff signed the Requests on November 3, 2005.
22 However, no certificate of service is attached.

23      Defendants argue that they never received any Requests for Admissions from Plaintiff.
24 The Declaration provided by Clayton Mack, Counsel for Defendant's, states that Plaintiff
25 claimed to have propounded the Requests for Admissions in a letter dated December 7, 2003,
26 and indicated that he was going to have the Requests deemed admitted. (Decl. of  Clayton Mack
27 at 2.)  Counsel states further that he did not respond to Plaintiff's "threat" to have the admissions
28 deemed admitted because Plaintiff failed to serve the Request for Admissions on him.  Id.

Plaintiff argues that Defendants are "estopped" from making such a claim because they have received numerous other filings and pleadings from him over the last three years that reference the Requests for Admissions. (Plaintiff's "Answer" to Opposition at ¶ 1.) Plaintiff states further that Defendants should have made the fact that they did not receive the Requests an "issue" well before they filed their Opposition to Plaintiff's Motion for Summary Judgment. Id. at ¶ 2. Finally, Plaintiff argues that the Court deemed the matters "admitted" in its Order of September 28, 2004.

The Court has reviewed the material and declarations submitted by Plaintiff and finds that Plaintiff has failed to meet his burden of establishing that he is entitled to Judgment on the basis that the Requests for Admissions are deemed admitted. As noted by Defendant's, Plaintiff submits no evidence in the form of a certificate of service indicating that he indeed served the Requests for Admissions on Defendants. The Court has closely examined Exhibit B provided in Support of Plaintiff's Motion and finds it lacking in proof of service. In addition, following a close examination of the record, the Court notes that Plaintiff has submitted a copy of the Requests for Admissions to the Court directly or as an attachment to another pleading. However, none of the submissions evidence a certificate of service. (Docs. 37, 38, 39, 42.) Defendants declaration and the lack of evidence by Plaintiff establishes sufficiently that Defendants did not receive the Requests for Admissions and thus, they are not deemed "admitted" for the purposes of this action.

Plaintiff's contention that Defendants are "estopped" from claiming they did not receive the Requests because they have received other pleading that reference the Requests for Admissions is insufficient to prove that Defendants were, in fact, served with them. Plaintiff's contention that Defendants should have raised the issue of the fact that they did not receive the Requests for Admissions before now is in error. If a party does not receive pleadings or discovery due to opposing party's failure to serve the documents, they cannot be expected to raise the issue of never getting them unless, or until they documents become an issue in the case. Here, Defendant's defense to the Motion for Summary Judgment is that they never received the Requests for Admissions. Defendant's acknowledgment of the lack of service is appropriate at

5

this time.

Finally, with regard to Plaintiff's assertion that this Court deemed the matters "admitted" on September 28, 2004, Plaintiff is mistaken. The Court's Order dated September 28, 2004, denied Plaintiff's Motion to Deem the Requests for Admissions admitted as "untimely and unnecessary." (Doc. 43.) Rule 36, regarding Requests for Admissions, expressly contemplates that the Requests will be *served* on the opposing party. Fed.R.Civ.P. 36. Without service, requests cannot be deemed admitted because the receiving party had no notice of the facts to be deemed admitted. Moreover, the Court's reference in the Order dated September 28, 2004 to the fact that Defendants failed to respond and all matters were deemed admitted, did not preclude Defendants from defending against a Motion for Summary Judgment by demonstrating that they did not receive the Requests for Admissions.

## C.  CONCLUSION AND ORDER

As Plaintiff fails to provide evidence that he served the Requests for Admissions on the Defendant's, he has failed to meet his burden of establishing that there exists no material fact warranting trial. Accordingly, the Court HEREBY ORDERS:

1. Plaintiff's Motion for Summary Judgment is DENIED.

IT IS SO ORDERED.

**Dated:   August 2, 2005**               **/s/ Lawrence J. O'Neill**
b9ed48                                       UNITED STATES MAGISTRATE JUDGE

6