# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE MICHAEL, | CV F 02 6227 LJO P |
| Plaintiff, | |
| v. | ORDER DENYING MOTION TO SET ASIDE FINAL JUDGMENT UNDER RULE 60(b). |
| | (Doc. 95.) |
| RAYMOND ANDREWS, et. al., | |
| Defendants. | |

Theodore Michael ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).  Pursuant to Title 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

On February 7, 2005, Plaintiff filed a Motion for Summary Judgment. (Doc. 59.)  The Motion was denied by this Court on August 2, 2005.  (Doc. 87.)  Defendants filed a Motion for Summary Judgment on February 18, 2005, and an Opposition to Plaintiff's Motion for Summary Judgment on March 10, 2005. (Docs. 66, 77.)   On April 27, 2005, Plaintiff filed a Reply to Defendant's Opposition to Plaintiff's Motion for Summary Judgment. (Doc. 85.)  Plaintiff filed his Opposition to Defendant's Motion for Summary Judgment on May 18, 2005.  The Court issued an Order granting Defendant's Motion for Summary Judgment on August 2, 2005. Judgment was entered on August 22, 2005.

On June 9, 2006, Plaintiff filed a Motion to reopen the time for filing an appeal on the basis that Plaintiff did not receive timely notice of the entry of judgment.  The Court denied this request on June 13, 2006.

1   On July 17, 2006, Plaintiff submitted the instant Motion to Set Aside Final Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  The rule permits the Court to relieve a party from a final order or judgment on grounds of: (1) mistake, inadvertence, surprise, or excusable neglect;  (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b), (3) fraud ... of an adverse party, ... or (6) any other reason justifying relief from the operation of the judgment.  The motion shall be made within a reasonable time, and for reasons (1), (2), and (3), not more than one year after the judgment, order, or proceeding was entered or taken.  Fed.R.Civ.P. 60(b).  Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir.1987).  To succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal.1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir.1987), *cert. denied*, 486 U.S. 1015 (1988).

Similarly, Local Rule 78-230(k) provides that a motion for reconsideration set forth "new or different facts that are claimed to exist which did not exist or were not shown upon such prior motion."

In this case, Plaintiff requests that the Court set aside judgment and then re-enter judgment to allow for Plaintiff to "file a timely notice of appeal." (Motion at 1.)  The basis of Plaintiff's Motion, however, fails to meet any of the requirements under Rule 60(b) for setting aside judgment.

Accordingly, Plaintiff's Motion for relief from judgment filed July 17, 2006, is DENIED.  IT IS SO ORDERED.

**Dated:   July 24, 2006**          /s/ Lawrence J. O'Neill
b9ed48                              UNITED STATES MAGISTRATE JUDGE